## Turner v. Salanni.

*Justice of the peace — Appeal — Defective transcript — Perfecting transcript.*

Where a clerk of a justice of the peace omits to note the appeal in the transcript certified by the justice and duly filed by defendant, who could not read English and was without counsel, and the plaintiff assumes in the Common Pleas to treat the appeal as filed on his behalf for purpose of lien and issues execution thereon, the court will allow the appeal to be perfected by substitution of a corrected transcript.

Motion for leave to perfect an appeal. C. P. Lackawanna Co., Oct. T., 1920, No. 1196.

H. D. Carey, for plaintiff; John Memolo, for defendant.

NEWCOMB, J., Jan. 5, 1922.—The trouble here arises out of a clerical error in the magistrate's office. Defendant had taken an appeal from his judgment and given security in due form of law. His clerk, by some oversight, omitted to note the appeal on the transcript, and the alderman certified it without detecting the omission. Appellant cannot read English, and, not having counsel, filed the transcript to the above number in the belief that it was an appeal. The first knowledge to the contrary came to him through the sheriff's levy, sometime in October, 1921. Plaintiff had assumed to treat the transcript as having been filed on his behalf for purpose of lien, and so put the claim in execution. That brought on this motion. The essential facts are set forth in the petition and are admitted by plaintiff's answer.

In these circumstances, it is believed defendant is entitled to relief. The rule to show cause is accordingly made absolute upon payment of the sheriff's costs on the *fi. fa.* The appeal to be perfected by the substitution of a corrected transcript in place of that heretofore filed.

From William A. Wilcox, Scranton, Pa.